The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion regarding the construction of a county jail under a lease/purchase arrangement. You have requested an opinion as to the legality of such an arrangement. You have also asked whether it makes any difference if the county anticipates paying the lease payments from the county general revenues as opposed to a sales tax earmarked for the purpose of construction of a county jail.
With regard, first, to the legality of such an arrangement, a conclusive answer would require a factual review of the particular lease/purchase agreement and the method of financing such agreement. Assuming that payments are to be made from tax revenues and no bond issue is contemplated, consideration must be given to Arkansas Constitution Article16, Section 1. This office has previously noted, as a general matter, that lease/purchase agreements entered into by counties and cities can be violative of art. 16, 1 because many are not truly "lease" agreements, but are actually conditional sales contracts with interest.[1] See Ops. Att'y Gen. 90-067, 93-383 and 94-030. This was the conclusion reached by the Arkansas Supreme Court in Brown v. City of Stuttgart, 312 Ark. 97, 847 S.W.2d 710 (1993) with regard to a lease agreement for the City of Stuttgart's acquisition of a garbage truck. The agreement provided for a sixty month lease with an option to purchase the truck for $10.00 at the end of the lease term. 312 Ark. at 100. The court concluded that the lease was in fact a sale and constituted interest bearing indebtedness contrary to Ark. Const. art. 16, 1. Id. at 101, 104. The agreement was therefore invalid.
The proposed lease/purchase agreement must, therefore, depending upon the method of finance, be scrutinized in light of Brown v. City of Stuttgart. This case should offer guidance in addressing a particular proposed lease/purchase plan, and I suggest that the county seek the advice of its local counsel when making this review. Counties are clearly prohibited from issuing interest-bearing evidences of indebtedness, and City of Stuttgart signals the likely close scrutiny of any such lease/purchase arrangement under art. 16, 1.
In response to your second question regarding the precise source of payment, if the lease/purchase agreement in fact constitutes interest bearing indebtedness, it seems clear that Ark. Const. art. 16, 1 will be violated regardless of whether payment is made from county general revenues (i.e., general taxes) or sales tax revenues. See Op. Att'y Gen. 90-067 at 3-4 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Ark. Const. art. 16, 1 states: Neither the State nor any city, county, town or other municipality in this State shall ever lend its credit for any purpose whatever; nor shall any county, city or town or municipality ever issue any interest bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the indebtedness existing at the time of the adoption of the Constitution of 1874, and the State shall never issue any interest-bearing treasury warrants or scrip.